ENTERED
CLERK, U.S. DISTRICT COURT

JUL 3 0 1999

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

JUL 29 1999

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART BELL, | CASE NO. CV 99-6415 NM (CTx) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR CHANGE OF VENUE |
| v. | |
| DAVID JOHN OATES, ROBERT A.M. STEPHENS, AND DOEs 1-10 inclusive, | |
| Defendant(s). | |

## I. Introduction

Plaintiff Art Bell brought this action for slander, intentional infliction of emotional distress, tortious interference with contract and prospective economic advantage, and negligent interference with prospective economic advantage against defendants David John Oates and Robert A.M. Stephens in Los Angeles Superior Court on May 27, 1999. Defendant Oates removed to this Court under 28 U.S.C. § 1441(b) on June 24, 1999. On the same day, Oates filed a motion to transfer venue to the District of Colorado under 28 U.S.C. § 1391.[1] Plaintiff

---

[1]Plaintiff asserts that defendant filed a supplemental brief seeking venue transfer under 28 U.S.C. § 1406. See Opp. at 7. This court has no record of such a supplemental brief being filed. However, § 1406, which seeks dismissal or transfer of cases that have been filed "in the wrong division or district," would seem to be inapposite here, as venue is proper "in any district" in a suit against an alien under § 1391(d), and Oates is a citizen of Australia, see Pattiz Decl. Exh. B

✓ Docketed
  Mld copy Ptys
✓ Mld Notice Ptys
✓ JS - 6

JUL 30 1999

JUL 30 1999
ENTERED ON ICMS

18

1    opposes the motion, contending that venue in the Central District of California is

2    proper.

3    **II. Background Facts**

4        Plaintiff is a citizen and resident of Nevada.  Compl. ¶ 5.  Defendant Oates

5    is a resident of Colorado.[2]  Compl. ¶ 6; Ans. and Counterclaim ¶ 6.  Defendant

6    Stephens is a resident of Montana.[3]  Compl. ¶ 7; Rowe Decl. ¶ 4.

7        The underlying dispute at issue in this case stems from plaintiff's radio

8    program, on which defendants appeared at various times.  Plaintiff's complaint

9    alleges that defendants, upset over treatment they received on the show, began

10   using the Internet to, inter alia, "malign, harass, cyberstalk, defame, injure and

11   annoy" him (Compl. ¶¶ 1, 15).  Central to the complaint is an April 3, 1999

12   broadcast of Oates's own radio show on which Stephens appeared as a guest and

13   made certain allegedly defamatory statements about Bell.  See Compl. ¶¶ 16 - 20.

14   Stephens then allegedly placed more defamatory material on his website, to which

15   Oates's website is linked.  In addition, archives of Oates's radio broadcasts are

16   available on the Internet, so the April 3 alleged defamation is ongoing.  See id. ¶¶

17   25 - 26.

18       Defendant Oates, acting pro se, brought this motion to transfer venue under

19   28 U.S.C. § 1391, citing an inability to "effectively defend himself outside the

20   state."  Motion to Change Venue ¶ 3.  This wording indicates that the motion

21   would more properly have been brought under 28 U.S.C. § 1404(a), which allows

22

23   at 246.

24       [2]Plaintiff makes much of defendant's statement during settlement discussions that he

25   might leave Colorado and is considering a move to Oregon or Montana.  This does not alter the

26   fact that as of the submission of this motion, defendant Oates is a resident of Colorado.  Plaintiff
     concedes as much in his complaint.  See Compl. ¶ 2.

27       [3]As of the date of this order, this Court has not received any filings from defendant

28   Stephens.

1  a venue transfer "[f]or the convenience of parties and witnesses, in the interest of

2  justice." Even in the absence of a properly pleaded motion, the Court has the

3  authority to order a venue transfer. See Schwarzer, Tashima & Wagstaffe, Federal

4  Civil Procedure Before Trial § 4:290 (1999); Mills v. Beech Aircraft Corp., 886

5  F.2d 758, 761 (5th Cir. 1989); Starnes v. McGuire, 512 F.2d 918, 933 - 34 (D.C.

6  Cir. 1974).

7        Upon review of the pleadings, the Court finds that Colorado would be a

8  more suitable venue for this action. Oates is a resident of Colorado. It is his radio

9  broadcast of April 3, 1999 that lies at the center of the dispute between the parties.

10 Plaintiff is a resident of Nevada, not California, and there appears to be little, if

11 any, nexus to this district.[4] Given the limited connection to this district of the

12 parties, potential witnesses, and underlying conduct, defendant has made a

13 sufficient showing that transfer to Colorado, where he resides, would promote "the

14 convenience of parties and witnesses [and] the interest of justice." 28 U.S.C. §

15 1404(a).

16       In consideration of the foregoing, the action is hereby transferred to the

17 District of Colorado.

18       IT IS SO ORDERED.

19

20

21 DATED: July 29, 1999

22

23                                    Nora M. Manella
24                                    United States District Judge

25

26       [4]Plaintiff's claim that roughly 18% of his listening public resides in California is
27 insufficient to suggest the Central District of this state as the most convenient forum for the
   litigation, where none of the litigants lives in this district, and the actions giving rise to the
28 litigation did not occur here.

                                    3